FILED

July 3 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 11-0244

IN RE PETITION TO ADOPT UNIFORM BAR )
EXAMINATION )
                     )
     and                     )
                     )     O R D E R
IN RE THE PETITION AND MEMORANDUM IN )
SUPPORT OF REVISION OF THE 2005 RULES FOR )
ADMISSION AND RULES OF PROCEDURE OF THE )
COMMITTEE ON CHARACTER AND FITNESS )
OF THE SUPREME COURT OF MONTANA )

FILED

JUL 0 3 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Article VII, Section 2(3) of the Montana Constitution grants to the Supreme Court of Montana the authority and responsibility to make rules governing admission to the bar. Before us are petitions by our Board of Bar Examiners and our Committee on Character and Fitness for amendments to the existing rules governing admission to the bar of the state of Montana.

The purpose of the bar admissions process is to protect the public by assuring that only those possessing the requisite knowledge, training, skills, and character are authorized to provide legal advice to and represent clients in Montana. There are three essential elements to the bar admissions process. To be admitted to the practice of law in Montana, a candidate must demonstrate that he or she: (1) has obtained a Juris Doctor degree from a law school accredited by the Council of the Section of Legal Education and Admissions to the Bar of the American Bar Association; (2) has achieved the minimum passing scores set by this Court on the bar examination and the Multistate Professional Responsibility Examination; and (3) has the requisite character and fitness to practice law. We retain the ultimate authority over who is admitted to the bar, but we appoint our Board of Bar Examiners and the Committee on Character and Fitness to assist us in administering the bar admissions process and to

recommend to us changes in our rules that may improve the process. We conclude that a nationally uniform licensing examination for lawyers would facilitate lawyer mobility, increase the objectivity of the testing process, and enhance protection of the public.

Following notice, comment, and a public meeting, on November 29, 2011, we conditionally granted the petitions filed by the Board of Bar Examiners and the Committee on Character and Fitness. We asked the Board of Bar Examiners to prepare an implementation plan for adoption of changes relating to the bar examination and proposed educational and testing component. The Board submitted its plan, and we granted an additional comment period. The comment period has now ended, and the Court reviewed and considered all of the comments submitted. The decisions reflected in this Order were discussed and adopted at a public meeting on June 19, 2012.

We thank and commend the Board of Bar Examiners and the Committee on Character and Fitness for their many hours of selfless service and their dedication to improving the bar admissions process. We acknowledge their knowledge, expertise, and judgment arising from their years of service to the Court. We also thank all those who took the time to prepare and submit comments to us on these important matters, including those who wrote in opposition to the proposed changes. Their participation helped inform our judgment.

The increasing use of uniform, high quality testing instruments has rendered most jurisdictions' bar examinations substantially similar. The Uniform Bar Examination (UBE) is a nationally uniform test prepared by the National Conference of Bar Examiners (NCBE). Adopting the UBE does not constitute a revolutionary change in the Montana bar examination, because all three components of the UBE (the Multistate Bar Examination, the Multistate Essay Examination, and the Multistate Performance Test) are currently used in Montana. We are satisfied that these tests represent the state of the art in bar examining to discern whether an applicant has absorbed and understands generally recognized principles of law and can apply legal methods of reasoning to come to acceptable conclusions. The economies of scale achievable by the NCBE enable it to engage in a more rigorous test

development process than is possible in Montana or indeed in any single American jurisdiction. We are satisfied that the NCBE's testing process also strives to reduce or eliminate any unintentional racial or sexual bias in the examination. In addition, adopting the UBE will permit an applicant who takes the examination to transfer the score achieved to another UBE jurisdiction, where it will be accepted as the measuring score for that jurisdiction's bar examination, thereby eliminating unnecessary redundant testing, the associated costs, and potential expensive delays in admission to practice.

The current bar examination in Montana also includes four essay questions purportedly focusing on Montana law. The Board of Bar Examiners has proposed eliminating those essays. The Board of Bar Examiners questions the psychometric reliability of the four essays for purposes of a competency examination like the bar examination. It also notes that dropping the four Montana essays would also eliminate the costs and expenses of the third day of the Montana bar examination. Those critical of this particular proposal argue that an online test that has been proposed will not be effective or secure enough to achieve the desired goals regarding unique Montana law.

In light of the comments received and as a result of our own investigation and review of the matter, a majority of the Court is persuaded that a required one- or two-day in-person seminar on Montana law--focusing on the structure of the legal system in Montana; the unique aspects of Montana law, including our Constitution; and the accepted mores and culture of practicing law in Montana--is more likely to achieve the desired goals. We have confidence that the Board of Bar Examiners, the CLE Commission, and the CLE Institute are capable of developing and administering a high-quality seminar.

Based on its experience and judgment conducting the examination and reviewing applicants' performances, the Board of Bar Examiners strongly recommended that the minimum passing score be raised. The Board notes that, at 130, Montana's minimum passing score is among the lowest in the nation, and that setting the score at 135 (270 on the 400-point scale of the UBE) would bring Montana's minimum passing score more in line

3

with other jurisdictions. Adjusting the minimum passing score as requested would be the equivalent of raising the score from 65 to 67.5 on a 100-point scale. A majority of the Court is persuaded that adjustment of the minimum passing score as requested is warranted.

We received little negative comment relating to the petition of the Committee on Character and Fitness to employ the NCBE online character and fitness investigation services. We are persuaded that accepting the proposal will create a more transparent and uniform process for applicants and result in greater efficiency and thoroughness in the character and fitness investigation process. The Committee on Character and Fitness will continue to determine whether applicants are acceptable.

Therefore,

IT IS ORDERED that, beginning with the February 2013 bar examination, the NCBE online character and fitness investigation service will be used in Montana. The fees for that investigation (presently set by the NCBE at $200 for students, $275 for recent law school graduates, and $350 for attorneys) will be paid directly to the NCBE. (This provision was adopted unanimously.)

IT IS FURTHER ORDERED that, beginning with the July 2013 Montana bar examination, Montana will use the Uniform Bar Examination (UBE), consisting of the Multistate Bar Examination (MBE), the Multistate Performance Test (MPT), and the Multistate Essay Exam (MEE). The Board of Bar Examiners is directed to administer the examination and to transfer and accept UBE scores in accordance with the policies governing the UBE. (This provision was adopted unanimously.)

In addition, before being admitted to the Montana bar, all applicants will be required to personally participate in a Montana law seminar component to be developed by the Board of Bar Examiners, the CLE Commission, and the CLE Institute, and approved by the Court. (This provision was adopted 5-2, with Chief Justice McGrath and Justice Morris dissenting.)

The requirement of successful passage of the Multistate Professional Responsibility Examination (MPRE) shall remain in effect.

4

IT IS FURTHER ORDERED that, beginning with the July 2013 Montana bar examination, a Montana bar applicant's score on the UBE earned in another jurisdiction may be accepted and considered valid for a period of three years from when the score was earned. To be accepted in Montana, UBE scores must be certified by the National Conference of Bar Examiners to the Montana Bar Admissions Administrator. (This provision was adopted 5-2, with Justices Wheat and Morris dissenting.)

IT IS FURTHER ORDERED that, beginning with the July 2013 Montana bar examination, the minimum passing combined scaled score on the Montana bar examination is set at 270 on a 400-point scale. (This provision was adopted 5-2, with Chief Justice McGrath and Justice Morris dissenting.)

IT IS FURTHER ORDERED that, beginning with the July 2013 examination, bar examination applicants shall pay fees to the State Bar of Montana to cover the expenses of NCBE testing, as well as State Bar of Montana expenses for administration and character and fitness review.

IT IS FURTHER ORDERED that, on or before October 31, 2012, the Board of Bar Examiners, with assistance of the CLE Institute and the CLE Commission, shall file with the Clerk of this Court, for Court approval, a written proposal outlining a Montana law seminar component to be completed by every Montana bar applicant before admission to the bar.

As soon as practicable, the following rules shall be amended to conform with this Order: the Board of Bar Examiners' Rules (to be amended with the assistance of the Board of Bar Examiners); the Rules of Admission to the Bar of the State of Montana (to be amended with the assistance of the Board of Bar Examiners); and the Rules of Procedure of the Committee on Character and Fitness of the State Bar of Montana (to be amended with the assistance of the Committee on Character and Fitness).

A copy of this Order and the minutes of the public meeting held on June 19, 2012, shall be posted on the Court's website. In addition, the Clerk is directed to provide copies of this Order to the Chairs of the Committee on Character and Fitness, the Board of Bar

Examiners, the CLE Institute, and the CLE Commission; Greg Murphy, Attorney at Law; Dean Irma S. Russell of the University of Montana School of Law; Thomson Reuters; and the Executive Director of the State Bar of Montana, with a request that it be posted on the State Bar's website.

DATED this __3rd__ day of July, 2012.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices